Accordingly, judgment will be entered for defendant.

**Veoda KELLAN, Plaintiff,**

v.

**Richard HOLSTER d/b/a Holster Trailer Sales, Parkway Distributors, Inc., and Holiday Rambler Corporation, Defendants.**

**Parkway Distributors, Inc., and Holiday Rambler Corporation, Third Party Plaintiffs,**

**Charles D. Vaughn and Reserve Insurance Company, a corporation, Third Party Defendants.**

**No. 79–653 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

June 25, 1981.

John F. McCue, Mulholland & Anderson, Tampa, Fla., for plaintiff.

Robert A. Mora, Allen, Dell, Frank & Trinkle, Tampa, Fla., for Parkway Distributors and Holiday Rambler.

Jeffrey Fuller, St. Petersburg, Fla., for third party defendants.

KRENTZMAN, District Judge.

## ORDER

The Court has for consideration pending motions in the file. This is a diversity case in which plaintiff Kellan sues defendants for alleged negligent manufacture and installation of a trailer ball hitch that she contends malfunctioned while under use in Florida, thereby causing her certain injuries. Defendants Parkway Distributors and Holiday Rambler Corporation have filed a third-party complaint for contribution against Charles D. Vaughn, the driver of the automobile in which plaintiff Kellan was riding at the time of the alleged accident, and against Reserve Insurance Company, Vaughn's insurance carrier.

Hearing was held before the Court on October 7, 1980, on the following motions then pending:

Defendant Richard Holster's and Holster Trailer Sales' August 6, 1979 motion to quash process and service of process due to alleged lack of minimum contacts with the state of Florida;

Third-party defendant Vaughn's May 27, 1980 motion to dismiss the third-party complaint;

Third-party plaintiffs Parkway Distributors' and Holiday Rambler's July 23, 1980 motion to compel production of photographs of the accident scene;

Defendant Holster's September 29, 1980 motion to compel production of photographs of the accident scene and to impose sanctions.

At the conclusion of the October 7 hearing, and after ruling by the Court on the above motions, the Court directed counsel for defendant Holster to provide the Court with a memorandum opinion reflecting the rulings made at hearing and substantiating those rulings, particularly the dismissal of

Holster for lack of minimum contacts, with an analysis of the caselaw and statutory law discussed at hearing. Although a short, proposed order was provided, the Court was less than satisfied with its form. This order reflects the findings made at that hearing.

Plaintiff herein is a citizen of the state of Florida, and all defendants are citizens of the state of Wisconsin. Jurisdiction is asserted over defendants pursuant to the Florida long-arm statute, Fla.Stat. 48.193.

■ It is well established in this Circuit that the power of a federal court in a diversity suit to exercise jurisdiction over the persons of nonresident defendants turns on two independent considerations. The law of the state in which the federal court sits must confer jurisdiction over the persons of the defendants. If it does, the exercise of jurisdiction under state law must comport with basic due process requirements of the United States Constitution. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974).

As discussed at hearing and as presented through memoranda of law, defendant Holster asserts that he has no minimum contacts with Florida so as to permit the invocation of jurisdiction over him, and he moves to quash process and service of process based upon the recent case of *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The Court has examined Section 48.193, the Florida long-arm statute, and the caselaw relating thereto. Section 48.193(1)(f) confers personal jurisdiction on Florida courts over a nonresident who:

Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:

1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.

The state courts of Florida and federal courts applying Florida law have consistently held that Section 48.193 requires more activities or contacts to invoke jurisdiction than are required by the Constitution. *See Osborn v. University Society, Inc.*, 378 So.2d 873 (Fla.2d Dist.Ct.App.1979); *Youngblood v. Citrus Assoc. of N. Y. Cotton Exchange, Inc.*, 276 So.2d 505 (Fla.2d Dist.Ct.App. 1973); *Mallard v. Aluminum Company of Canada, Ltd.*, 634 F.2d 236 (5th Cir., 1981); and *Escambia Treating Co. v. Otto Candies, Inc.*, 405 F.Supp. 1235 (N.D.Fla.1975).

The 1980 Supreme Court decision in *World-Wide Volkswagen Corporation v. Woodson, supra*, discussed in detail the due process requirements necessary to invoke jurisdiction over an alien defendant. That case reexamined the minimum contacts standards set forth in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and established clear guidelines regarding when a particular defendant's activity in a foreign state is sufficiently foreseeable to cause injury or harm in another state so as to subject him to personal jurisdiction in the foreign state.

■ In *World-Wide Volkswagen* the Court held that the mere sale of an automobile in New York was insufficient to subject the New York retail dealer who sold the car to plaintiffs to the jurisdiction of Oklahoma courts when the automobile was involved in an accident while traveling through Oklahoma. The New York retailer maintained no offices in Oklahoma, had no agents in Oklahoma, purchased or conducted no advertising or promotions there, and availed itself of "none of the privileges and benefits of Oklahoma law." 100 S.Ct. at 566. While stating that it is perhaps remotely foreseeable that an automobile sold in New York state could eventually make its way into Oklahoma, the Court specifically articulated that " 'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." 100

S.Ct. at 566. The Court discussed the role of foreseeability as follows:

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

100 S.Ct. at 567. Thus, foreseeability must not be viewed in an isolated fashion, but rather must be considered in the context of the defendant's nexus with and conduct relating to the foreign state.

In the instant case, defendant Holster has submitted an affidavit to the Court relating to his business, Holster Trailer Sales. The Court has examined this affidavit as well as other materials in the file.

Holster Trailer Sales, now defunct, was at the time of the installation of the trailer ball hitch a sole proprietorship owned and operated by Robert Holster and located in Wausau, Wisconsin. Holster Trailer Sales conducted its business operations solely in Wausau, Wisconsin, and had no other business operations or outlets either in the state of Wisconsin or elsewhere. It conducted no advertising, sales, or solicitation in or directed toward the state of Florida. Plaintiff Kellan and third-party defendant Vaughn were residents of Eagle River, Wisconsin at the time the trailer ball hitch was installed by Holster Trailer Sales.

■ Based upon the nature and conduct of the business as outlined above, there would clearly be no activity on the part of Robert Holster or Holster Trailer Sales that would suffice to invoke the jurisdiction of the Florida courts over him under the long-arm statute, Section 48.193, as controlled by *World-Wide Volkswagen.* Holster's affidavit, however, contains a short statement made by plaintiff Kellan and third-party defendant Vaughn to Holster "that they intended to take a trip to Florida." The question therefore becomes whether or not this mere mention of a trip to Florida made it reasonably foreseeable to Holster that the trailer ball hitch would find its way to

Florida and that his activities in Wisconsin were "such that he should [or could] reasonably anticipate being haled into court there [Florida]." *World-Wide Volkswagen, supra,* 100 S.Ct. at 567. Again, the test of whether the particular activity is foreseeable is not a mere chance or likelihood that the product or work will make its way into the forum state. It is, rather, whether the defendant has so availed himself of the law, privileges and market of the forum state so that he could reasonably anticipate being subjected to the personal jurisdiction of that state.

■ Although this case is a closer one than it would be without the remark by Kellan and Vaughn that they were planning an upcoming trip to Florida, the Court finds that this mere remark taken in the context of defendant Holster's very restricted activities in Wisconsin is not sufficient to make it foreseeable to Holster that he could be expected to defend himself in Florida for his activities in Wisconsin. Even though it may have been somewhat foreseeable that the trailer ball hitch would "turn up" in Florida, that likelihood alone is not the foreseeability that is critical to the due process analysis. *World-Wide Volkswagen, supra,* 100 S.Ct. at 567. Holster had done nothing to avail himself of the benefits and privileges, and, accordingly, the responsibilities, of Florida law.

Therefore, as indicated at the October 7, 1980 hearing, the Court finds that there are no minimum contacts between defendant Holster, d/b/a Holster Trailer Sales, and the state of Florida so as to constitutionally permit the invocation of personal jurisdiction over him under the Florida long-arm statute. Holster's motion to quash process and service of process for lack of personal jurisdiction was, and it is, GRANTED. The case as to defendant Holster and Holster Trailer Sales is DISMISSED.

At the October 7 hearing third-party defendant Vaughn moved to dismiss the third-party complaint for contribution on the ground that the chief complaint is essentially a breach of warranty action based on the

law of contract. He contends that the right of contribution, as provided in Florida's Uniform Contribution Among Tortfeasors Act, Fla.Stat. § 768.31, does not exist in this case and that as to him the third-party complaint should be dismissed.

The Court is not persuaded by this argument. The chief complaint lies both in negligence (the law of tort) and in breach of implied warranty (the law of contract). Section 763.31 can thus stand on the negligence portion of the complaint if nothing more.

 Moreover, as third-party plaintiffs Parkway and Holiday Rambler point out, the action of breach of warranty is itself a "mixed bag" between the law of contract and the law of tort. The Florida Supreme Court stated in *West v. Caterpillar Tractor Company*:

> [B]reach of warranty actions retain certain aspects of the law of torts and frequently a given set of facts could support either an action for breach of implied warranty or an action for negligence.

336 So.2d 80, 91 (Fla.1976).

Based upon the foregoing, the Court finds that the motion to dismiss the third-party complaint should be, and it is, DENIED.

As indicated at the hearing, the motions of third-party plaintiff and of defendant Holster to compel photographs of the accident scene were and are GRANTED as to third-party plaintiff and rendered MOOT as to defendant Holster due to his dismissal from the lawsuit. Holster's motion to apply discovery sanctions was and is DENIED.

Several motions have been filed since the October 7 hearing. Plaintiff's October 31, 1980 motion to amend the complaint is GRANTED, and the Clerk is directed to file her submitted amended complaint. Rule 15(a), Fed.R.Civ.P.

On November 18, 1980, defendants Parkway Distributors and Holiday Rambler Corporation moved to compel production of the allegedly defective trailer ball hitch and to impose sanctions against plaintiff. The motion to compel has not been opposed by plaintiff.

To the extent that said defendants have not as yet been permitted the opportunity to examine and inspect the trailer ball hitch, they may now so do. Defendants may contact plaintiff and plaintiff shall make the trailer ball hitch available within twenty (20) days of the date of this order. The manner and time of availability shall be governed by reason. To this extent the motion to compel is GRANTED. The motion to impose sanctions is DENIED. Rule 37, Fed.R.Civ.P.

Finally, on April 29, 1981 defendant Holster filed a "special motion to quash request to produce" served upon him, presumably by plaintiff. This defendant has now formally been dismissed from this action and the motion is thus rendered MOOT.

As indicated by notice previously mailed, a status of case conference will be held herein on Thursday, June 25, 1981, at 3:30 p. m.