**OCEAN SPRINGS CORPORATION,**
**Plaintiff-Appellant,**

v.

**The CELOTEX CORPORATION,**
**Defendant-Appellee.**

No. 81–4074.

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1981.

Thomas M. Matthews, Jr., Wiggins, Miss., for plaintiff-appellant.

Marc A. Biggers, Greenwood, Miss., for defendant-appellee.

Before COLEMAN, REAVLEY and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The plaintiff-appellant, Ocean Springs Corporation, contracted for the construction of a nursing home in Ocean Springs, Mississippi. Bradford Builders was the general contractor. Mandels, Inc., the roofing subcontractor, installed a roof on the building in the winter of 1971–1972. The defendant-appellee, Celotex Corporation, sold the roofing material. It is conceded that there was no written warranty that the roof would serve its intended purpose for a period of twenty years, although the roof in question was generally referred to as a twenty year roof. It is further conceded that a suit on implied warranty would be barred by the Mississippi statutes of limitations.

The roof began to leak in 1976 and was completely replaced in 1979. On April 18, 1980, the owner, Ocean Springs Corporation, filed suit for $51,727.65, the cost of replacing the defective roof.

On the ground that the action was time barred, the District Court granted summary judgment for Celotex.

The appellant asserts that the issue here is "whether Mississippi will consider the totality of circumstances to establish that a manufacturer did, in fact, issue an express warranty", even though no such warranty was expressly stated.

We have carefully scrutinized the record and have come to the conclusion that this really is not the issue; rather, the issue is whether the undisputed facts wholly fail to show the existence of an express warranty—from whatever source. We must hold that no express warranty was shown.

Therefore, the District Court correctly granted summary judgment on the ground that the cause was time barred, suit not having been instituted within six years of the delivery of the roofing material by Celotex, *see* Section 75–2–725 of the Mississippi Code of 1972, and the decision of the Supreme Court of Mississippi in *Rutland v. Swift Chemical Company*, 351 So.2d 324 (1975).

AFFIRMED.