MARY KRIEDO *v.* LEO H. KRIEDO.
[No. 14, April Term, 1930.]

230

*Decided June 10th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*H. Harry Rosenberg,* with whom was *Samuel Lasch* on the brief, for the appellant.

*Joseph Burke,* with whom was *Bernhard Cline* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

On the 10th day of February, 1927, the appellant was divorced *a vinculo matrimonii* from the appellee, by decree of the Circuit Court No. 2 of Baltimore City. The decree provided that the appellant (the mother) should have the guardianship and custody of Morris Kriedo, the minor child of the parties, with privilege to the appellee (father) to see the child at all reasonable times, and that the father pay to the mother the sum of seven dollars per week, accounting from the date of the decree, for the support of said child, until he should become self-supporting or until the further order of the court. It appears the decree was in conformity with an agreement entered into between the parties, except that the chancellor added "or until the further order of the court."

On August 1st, 1929, the appellant filed her petition in the divorce proceedings, in which, after reciting the decree in the original case, it is in substance alleged that Morris Kriedo was eight years of age at the time of its passage; that he was taken seriously ill with appendicitis on or about March 28th, 1929, was promptly taken to a hospital, wherein he underwent two operations, and as a result of said illness he died on April 10th, 1929, at which time he was ten years of age; that during said illness and by reason of said death the appellant incurred expenses for hospital, medical, surgical, and funeral services, in the aggregate amount of $712.10; that the seven dollars per week allowed by the decree was hardly sufficient, and was only intended, to cover the actual and ordinary expenses for the support of the child, and did not cover such expenses as were incident to his illness and death; that the appellant is in poor health, scarcely able to support herself; that the appellee is a diamond setter and watchmaker, and also conducts a jewelry store; that the appellant has borrowed money and paid the hospital and funeral expenses, amounting respectively to $290.10 and $110.00, which she is obligated to repay; that the bills of Dr. Silverman, for $250, and Dr. Abrams, for $62, are unpaid. The petition prays for an order directing the appellee to pay the appellant the amount of the hospital and funeral bills theretofore paid by her, and also pay Dr. Silverman and Dr. Abrams their bills as above set forth. A demurrer being interposed, and sustained by the court, this appeal resulted.

It is settled in this state that a father is under the common law obligation to support a minor child, without regard to a decree divorcing the parents. *Blades v. Szatai,* 151 Md. 644. The question there considered was the liability of a deceased father's estate for the payment of support money during minority as awarded by decree divorcing the parents and giving the custody of the child to the mother. It was there said: "The father was under the common law obligation to support his child during its minority, and this obligation continued without regard to a divorce decree, unless in that decree the court should order that it be supported by some

one other than the father. The fact that the decree ordered the father to pay three dollars per week to the mother for the support of the child, in no way affected his common law obligation to support it, but only prescribed the amount to be paid for its support, and through whom the child was entitled to receive it." It is equally well settled that parties to divorce proceedings cannot by agreement between themselves fix the amount necessary for the support and maintenance of their minor children, so as to bind the courts. The court may adopt the amount agreed upon and incorporate it in the decree, but it has the power to change or modify the decree in this respect, when it shall be made satisfactorily apparent that new or changed conditions or circumstances make a modification necessary. *Alvey v. Hartwig,* 106 Md. 254; *Boggs v. Boggs,* 138 Md. 422; *Melson v. Melson,* 151 Md. 196; Code, art. 16, sec. 39; *Hood v. Hood,* 138 Md. 366.

The petition here specifically alleges that the claims of Dr. Silverman and Dr. Abrams, amounting to $312, have not been paid, and prays that an order be passed by the chancellor directing such payment. It is clear, we think, that if the appellee is indebted to anybody for this amount, it is to the doctors and not to the appellant. The implied obligation on the part of the father to pay for necessaries for the support of a minor child is to the person furnishing same; this implication arising by reason of the duty and obligation imposed upon the father by law to provide properly and reasonably for the support of minor children, according to their station in life and the financial ability of the father. That this obligation is to the person providing the child with such support or rendering necessary services has been definitely determined by this court. *McCurley v. Stockbridge,* 62 Md. 422; *Carter v. Carter,* 156 Md. 500. In the last mentioned case, which was an effort by a divorced wife to obtain in a court of equity payment by the husband of counsel fees for services rendered by attorneys in resisting the husband's right to have the custody of a minor child, the court, after first determining that such an obligation was at law and not in equity, said: "If the difficulty of finding any ground for

the chancellor to entertain this petition under the circumstances of this case be passed, there are two insuperable objections to the allowance of the fee to the mother. In the first place, she has not shown that she has paid anything out on account of fees in the present matter, and so, if any liability could exist on the part of the father, it would be to the solicitor, who was employed by the mother and who remains unpaid." It follows, first, that the responsibility of the father, for the doctors' bills which have not been paid, is to the physicians rendering the service and not to the mother; and, second, that the enforcement of such claim by the doctors must be sought in a court of law. Neither do we find any substantial distinction between the mother's claim and those of the physicians, her claim being for hospital and funeral services rendered the deceased child at the mother's request, and which have been paid by her. In *Carter v. Carter, supra,* it was also said by Judge Parke, speaking for the court: "It follows that, although there can be no liability in this case of the father to the mother for her counsel fees by reason of their former marital relation, yet, by reason of his parental obligation, the father may be liable, even to the mother, in the absence of any reason for imposing upon her his primary obligation, if, upon his default, she has supplied the minor with necessaries. This obligation is at law and not in equity."

Our conclusion, therefore, is that the father is primarily liable for the extraordinary necessary expenses shown to have been incurred for the benefit of his deceased minor child, which liability is to the persons rendering the service in cases where those rendering service have not been paid, and that the mother is entitled to reimbursement from the father in those cases in which payment has been made by her, but that upon the refusal of the father to pay, the remedy is by a suit at law wherein he is entitled to have a jury pass upon questions of fact, including the inquiry as to whether the services were rendered, whether they were necessary, and whether the charge was a reasonable and proper one.

It is contended by the appellant that the case of *Melson v. Melson, supra,* is in conflict with the views herein expressed, and not in harmony with the decision in *Carter v. Carter, supra.* We think this contention is clearly erroneous, the circumstances being wholly dissimilar. The facts of the *Melson* case were, that the wife had instituted proceedings for divorce *a mensa et thoro* against her husband on the ground of desertion; that during the pendency of that suit the parties entered into two written agreements, by the first of which they agreed to a separation, and in consideration of the payment by the husband to the wife of a specified sum, each relinquished all rights in the other's property during life or after death. The second agreement provided that the mother should have the custody and control of the minor child, who was then nine years old, with the privilege to the father to see the child, under certain specified restrictions, and to have the child live with him one week of every month during school vacation; and that the father should contribute the sum of ten dollars a month in money, food, or wearing apparel, towards the support and maintenance of the child until she became eighteen years of age. The original divorce suit was then dismissed. Subsequently the wife instituted suit for absolute divorce on the ground of desertion, and prayed that she be awarded alimony, the custody of the child, and support money for it. The appeal was from a decree in her favor. This court denied her right to an absolute divorce and to an award of alimony; but under the provisions of section 39 of article 16 of the Code, granting power to the chancellor to order and direct who shall have the guardianship and custody of the child and be charged with her maintenance and support, subject to the right at any time thereafter to annul, vary or modify such order, it was held that the chancellor had the power to award the custody of the infant and determine who should be liable for the support thereof, and fix the amount to be paid. The court there said: "The sum of ten dollars a month stipulated in the second agreement to be paid by the father to the mother for the

support of the daughter is plainly inadequate, and it was held in *Boggs v. Boggs*, 138 Md. 422, that such an agreement, when approached with reference to the welfare of the child, would not be effective to discharge either parent of the legal obligation to supply the child with the necessaries for its support and maintenance. The amount was not only inadequate, but the proof on this record is that the father had made his payments irregularly and under pressure, and we do not believe she should be remitted to an action at law to recover whatever amounts the father might be liable to her for, on account of his primary liability for necessaries furnished the child by the mother beyond any amount which she should have herself contributed. The interests of the child are, in this connection, the first and controlling consideration, and equity can best secure her protection and rights. Under all the circumstances, and the relative rights, obligations and resources of the parties, the father should have been charged by the decree with the support and maintenance of the child during her minority; and a reasonable amount should have been prescribed by the decree to be so paid by the father to the mother for that purpose, in the place and stead of his obligations under the contract, accruing due after the date of the decree and before his death, and subject to the chancellor's further action." It was there determined that the agreement between the parties as to the amount to be paid by the father for the support of the child was not controlling in a divorce proceeding wherein the custody and support of the child was prayed for, and the chancellor could in that proceeding fix the amount which the father should be required to pay for the support of the child, without regard to the agreement between the parents; and that this could be done in the then pending equity proceeding, thereby obviating the necessity on the part of the mother of resorting to a suit at law for payment of the child's necessaries over and above the amount specified in the agreement. This would constitute the chancellor's original award of support for the child, which took effect from the date of the

236

award. In the case now before us, the effort is being made in equity to require the father to pay extraordinary necessary expenses for the child, not contemplated or intended to be covered by the award previously made, and which necessaries had been either paid for by the mother, or rendered to th child by others who have not yet been paid. Under such circumstances we think the law is settled in this state that resort must be had to a court of law for the enforcement of such claims. There being no error, the decree or order appealed from will be affirmed.

*Order affirmed, with costs to the appellee.*