## SAUSE *v.* SAUSE

[No. 39, October Term, 1949.]

*Decided November 8, 1949.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*J. Calvin Carney, Jr.*, with whom was *J. Calvin Carney*
on the brief, for the appellant.

*Hyman Ginsberg*, with whom was *Manuel E. Lefko* and
*Ginsberg & Ginsberg* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

John Henry Sause III is appealing here from an order
of the Circuit Court No. 2 of Baltimore City granting
his wife, Ida Black Sause, the care and custody of her
infant daughter, Sandra Jane Sause, and ordering him
to pay $9 a week for the support and maintenance of
the child.

The parties were married in October, 1942. Appellant
served in the United States Navy from February, 1942,
until August, 1945, and after his discharge he lived with
his wife at 204 South Washington Street in Baltimore.
Their daughter was born in March, 1946. In July, 1947,
appellant was examined by a psychiatrist at the Johns
Hopkins Hospital. On August 1, 1947, appellant told his
wife he was through with her, and two weeks later he
left her and went back to his parental home. His father
sent him to a psychiatrist, who advised him to enter Seton
Institute for treatment.

This is the second time the parties have been here on
appeal. On January 13, 1949, the Court of Appeals
affirmed the action of the Court below in refusing to
grant the wife a divorce *a mensa et thoro,* but reversed
the dismissal of her bill of complaint. We held that she
should have been awarded the care and custody of the
infant child, for which she had prayed in her bill, and

that jurisdiction of the case should be retained by the Court below for the purpose of awarding support and maintenance of the child if circumstances should so warrant. We accordingly remanded the case for further proceedings. *Sause v. Sause,* 192 Md. 88, 63 A. 2d 632.

Further testimony was subsequently taken before the chancellor. It was then learned that appellant had been discharged from Seton Institute in September, 1948. From that time until March 17, 1949, appellant's average net salary amounted to $27.21 a week. He has been living at the home of his sister, and has been paying her $12 a week for board and lodging.

Appellant is appealing from that part of the order which directs him to pay $9 a week for the care and custody of the child. He claims that the amount which the chancellor has ordered him to pay is excessive. His main contentions are (1) that his wife is living in the home at 204 South Washington Street, which they own as tenants by the entireties, and (2) that she is employed as a nurse by the Western Electric Company and is earning a net salary of $57 a week.

It is not disputed that appellee has been earning more than appellant. Yet even $9 a week is not nearly enough for the child's maintenance. Appellee testified that she has been paying her mother $10 a week to take care of the child while she herself is at work, and that it costs an average of more than $7 a week additional for clothing and incidental expenses.

In 1929 the Leglislature of Maryland declared that the father and mother are the joint natural guardians of their minor child and are equally charged with its care, nurture, welfare and education. Laws of 1929, ch. 561, Code 1939, art. 72A, sec. 1. However, a father is under the obligation at common law to support a minor child, and this obligation continues during its minority, without regard to a decree divorcing the parents. *Kriedo v. Kriedo,* 159 Md. 229, 231, 150 A. 720. The divorce statute provides that the court of equity shall have power in all cases in which the care and custody of the children

of the parties forms part of the relief prayed, whether a divorce is decreed or denied, to order and direct who shall have the guardianship and custody of the children, and be charged with their support and maintenance. The Act further provides that the court may at any time thereafter annul, vary or modify such order in relation to the children. Code 1939, art. 16, sec. 41. As stated in *Melson v. Melson,* 151 Md. 196, 207, 134 A. 136, the divorce statute, empowering the court to order who shall have the guardianship and custody of the children, confers upon the court by implication the power to fix the amount to be paid by the parent charged to the parent who is given the guardianship and custody of the children.

Moreover, it is a general rule for all appeals in equity that the chancellor's findings of fact, based upon evidence taken in open court, will be sustained, unless the Court of Appeals is convinced that such findings are clearly unwarranted by the evidence. *Moran v. O'Brien,* 156 Md. 221, 144 A. 257; *Lickle v. Lickle,* 188 Md. 403, 52 A. 2d 910. We are mindful of the suggestion that the amount ordered to be paid by the father to the mother when she is given the custody of a child should not be excessive and impractical, since the best interests of the child are not served by overwhelming the father when he is struggling to restore his health and his earning capacity. *Slacum v. Slacum,* 158 Md. 107, 112, 148 A. 226. However, in this case the mother deserves credit for going out to work to support herself and her daughter. She said that she made a sincere effort to persuade her husband to resume marital relations, and he refused to return. After he was discharged from Seton Institute in September, 1948, he failed for a considerable period to pay anything toward the child's support. After the mandate of the Court of Appeals, he paid only $5 a week.

While appellant may have difficulty in paying $9 a week, on account of his mental condition, we are unwilling to disturb the chancellor's order. It was passed with the express provision that it was subject to the further

orders of the court. If appellant does not improve and cannot command an increase in wages, the chancellor can modify the order. We take occasion to add that the expense of printing briefs and the other costs of taking an appeal to this Court would have the effect of taking from appellant the money which he ought to contribute toward the maintenance of his child.

*Order affirmed, with costs.*