# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-CA-00156-SCT

*SHEPPARD AND ENOCH PRATT HOSPITAL, INC.*

*v.*

*HERMAN C. SAKWA*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/14/93 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM E. CHAPMAN, III |
| ATTORNEYS FOR APPELLEE: | DOLTON W. McALPIN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 4/23/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/17/98 |

EN BANC.

BANKS, JUSTICE, FOR THE COURT:

¶1. This appeal arises from an order of the circuit court granting the defendant's motion for summary judgment. The plaintiff hospital, a Maryland corporation with its principal place of business in Maryland, seeks to collect from the defendant some $107,188.34 in unpaid bills for the treatment of his minor child, which it was unable to collect from the custodial parent. In accordance with our simultaneous opinion in the separate case of *Sheppard Pratt Physicians, P.A.,* No. 93-CA-00160-SCT, we apply Maryland law and conclude that a non-custodial parent may be held liable for the unpaid medical services rendered to his or her minor child.

## I.

¶2. Stephanie Suzanne Sakwa is the minor child of Herman C. Sakwa, a Mississippi resident, and Diane M. Sakwa, a Maryland resident. Her parents were divorced in 1981 and Diane Sakwa received custody of Stephanie. When Diane moved to Maryland, she took Stephanie with her.

¶3. Between February 19, 1988 and May 31, 1989, Stephanie was treated at the Sheppard & Enoch Pratt Hospital, Inc. (Hospital), in Towson, Maryland. A statement dated September 15, 1989, in Diane Sakwa's name, indicated a balance owed of $107,188.34. The Hospital filed a complaint against Herman Sakwa in the Circuit Court of Oktibbeha County on May 16, 1991, asserting that he

was liable for this unpaid balance remaining on Diane's account pursuant to Maryland Family Law Code Annotated § 5-203 (1957), which places a responsibility on parents to provide for the support and care of their minor children.[1] Herman Sakwa raised a variety of defenses, including that he was not a party to the contract between Diane Sakwa and the Hospital and further, that having obtained a judgment against Diane Sakwa for the amount owed in the Baltimore County Circuit Court on May 14, 1990, the Hospital was estopped from proceeding against him.

¶4. Herman Sakwa filed a Rule 12(b)(6) motion to dismiss, or in the alternative for summary judgment, on May 19, 1992. The circuit court denied Herman Sakwa's motion to dismiss, but granted his motion for summary judgment on January 14, 1993. The Hospital now appeals, asking whether a third-party supplier of medical services may maintain an action, pursuant either to statutory authority or common law, against a non-custodial parent for medical expenses rendered on behalf of his or her minor child.

## II.

¶5. This Court utilizes the "center of gravity" test to determine whether Mississippi or Maryland law applies to the present situation. *See Ford v. State Farm Ins. Co.,* 625 So. 2d 792, 794 (Miss. 1993); *Boardman v. United Services Auto. Ass'n,* 470 So. 2d 1024, 1031 (Miss. 1985). We have also applied Restatement § 188 to review choice of law questions in cases involving contracts, both express and implied. *Id.* at 1032. *See also Crouch v. General Elec. Co.*, 699 F.Supp. 585, 592 (S. D. Miss. 1988); *Richardson v. Clayton & Lambert Mfg. Co.*, 634 F.Supp. 1480, 1482-83 (N. D. Miss. 1986). As we conclude in the separate but related case of *Sheppard Pratt Physicians, P.A. v. Sakwa,* No. 93-CA-00160-SCT, Maryland has the most substantial contacts with the subject matter of the present action and thus we apply the law of that state.

¶6. As this Court also determines in *Sheppard Pratt Physicians*, Maryland law dictates that a non-custodial parent may be held liable for the necessary medical expenses of a minor child. *See* Md. Code Ann., Fam. Law § 5-203(b) (1991); *Kriedo v. Kriedo,* 150 A. 720 (Md. 1930). The undisputed facts are that the Hospital rendered medical services to Sakwa's daughter, and that $107,188.34 is still owed for these services. Thus, the trial court erred in granting the appellee's motion for summary judgment, and holding that Maryland law did not sustain a right of action in favor of third-party medical care providers for collection of unpaid medical bills.

¶7. The remaining question to be tried in the instant case is whether the services rendered to Stephanie were necessary. Accordingly, this matter is reversed and remanded to the circuit court for trial of that issue.

¶8. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND ROBERTS, J. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶9. Sheppard & Enoch Pratt Hospital, Inc., a Maryland corporation with its principal place of business in Maryland, seeks to collect from Herman Sakwa some $107,188.34 in unpaid bills for the treatment of his minor child, Stephanie, which it was unable to collect from the custodial parent, Diane Sakwa. A third-party supplier of medical services should not be allowed to maintain an action, pursuant either to statutory authority or common law, against a non-custodial parent for medical expenses rendered on behalf of his or her minor child when there has been an intervention by a court and a judgment does not order it.[(2)]Further, since the record before the Court does not show that the expenses to treat Stephanie were necessary and reasonable, I would affirm the circuit court below.

## I.

¶10. Between February 19, 1988 and May 31, 1989, Stephanie was treated at the Sheppard & Enoch Pratt Hospital, Inc., in Towson, Maryland. The record does not indicate the nature of her illness or injuries. A September 15, 1989 statement in Diane Sakwa's name indicated a balance owed of $107,188.34. Sakwa's insurance covered close to $60,000.00 of the total charges of $177,135.51, and a grant-in-aid of $10,000.00 was provided. Diane Sakwa paid only $55.00 of the charges for Stephanie's care.

¶11. Diane Sakwa signed the agreement or contract admitting her daughter to Sheppard and agreeing, in turn, to the rates, billing schedule and other policies followed by the hospital. In his affidavit to the trial court, Herman Sakwa stated that he had not been told by anyone affiliated with the hospital that he would be responsible for payment for Stephanie's treatment and never signed any agreement or contract. He further indicated that when he asked about moving his daughter from the facility because the costs of treatment had reached the limits of the insurance policy he provided for her pursuant to the terms of the divorce decree, he was told that she could not be released without her mother's consent since it was her choice to have Stephanie treated there and she was responsible for her daughter.

## II.

¶12. Procedurally, this Court must address the appellant's issue as a challenge to the propriety of the summary judgment below. This Court conducts a de novo review of orders granting summary judgment, viewing the evidence in a light most favorable to the non-moving party. *Westbrook v. City of Jackson,* 665 So. 2d 833, 836 (Miss. 1995). When ruling on a motion for summary judgment, the trial court must consider whether the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c); *Rolison v. City of Meridian, 691 So. 2d 440, 443 (Miss. 1997).* When the moving party is entitled to judgment as a matter of law, summary judgment should be granted. *Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co.,* 594 So. 2d 1170, 1172 (Miss. 1992).

¶13. In his alternative summary judgment motion, Herman Sakwa argued that under either Mississippi or Maryland law, a non-custodial parent is not liable in a direct action by a third party medical provider for a child's medical expenses. Herman Sakwa swore out an affidavit attesting that he had neither been consulted about nor had agreed to medical care for his daughter Stephanie at Sheppard and Enoch Pratt Hospital. He further pointed out case law supporting his argument that he was not liable in the absence of a court order specifically requiring payment of the medical

expenses.[(3)]

¶14. Sheppard has produced nothing to show that the expenses exceeding the payments under Herman Sakwa's insurance policy were reasonable and necessary, as it is required to do pursuant to *McLain v. West Side Bone & Joint Ctr.*, 656 So. 2d 119, 121 (Miss. 1995). In fact, unlike *McLain*, where it was determined that the minor child had an immediate leg injury, here there is nothing in the record to indicate the nature of Stephanie's injuries. Sheppard has not shown that Herman Sakwa was involved in the decision to admit Stephanie to the hospital or to assume any liability for expenses incurred on her behalf, beyond the coverage provided by his insurance policy pursuant to the divorce decree. The Arizona court that issued the divorce order only required that Herman Sakwa provide insurance for Stephanie; Diane Sakwa was given permanent care, custody and control of Stephanie. If there is to be a change in the parental obligations, the change should come in the divorce decree and from the court that issued the decree, not this Court. The circuit judge, therefore, was correct in granting Sakwa's motion for summary judgment.

### III.

¶15. In *Govan v. Medical Credit Serv., Inc.*, 621 So. 2d 928, 930 (Miss. 1993), this Court found that one spouse could not be responsible for debts contracted by a former spouse without the other's express consent. The circuit court here further properly found that Sheppard was not entitled to summary judgment as a matter of law on an implied contract theory, based on the following undisputed facts:

> (1) A court of competent jurisdiction previously considered the child support obligations of the non-custodial parent, defendant Sakwa. (2) Defendant Sakwa at all times conformed to the child support obligations which were ordered by that court and has at all times adhered to that Court's order. (3) Defendant Sakwa had no substantial connection with either plaintiff.

Pursuant to the divorce decree, Sakwa was required only to provide medical insurance for his daughter and to share equally with his wife any dental expenses and the costs of hand surgery. The record indicates that Sakwa's insurance paid $10,775 of Sheppard's bill until the policy benefits were exhausted. He thus met his parental obligations under the terms of the decree. Moreover, not only did Herman Sakwa have no substantial contacts with the physicians group or the hospital, but also he was apparently precluded by the hospital from having any input into the course of Stephanie's treatment. Sheppard took the position that because his former wife had Stephanie admitted to Sheppard & Enoch Pratt Hospital, any decision to move Stephanie to another facility was solely up to Diane Sakwa, regardless of the reasonableness of the change in the treatment plan or costs thereof.

¶16. In this case, Sheppard failed to establish that expenses for Stephanie Sakwa were reasonable and necessary. The majority relies on, *inter alia*, *Kriedo v. Kriedo*, 150 A. 720 (Md. 1930), to support its claim that under Maryland common law, a non-custodial parent is required to pay the necessary medical expenses of a minor child. In *Kriedo*, the Maryland Court of Appeals held that claims for extraordinary necessary expenses for the child, not contemplated or intended to be covered by the award previously made, were not cognizable in equity, but could only be litigated in a court of law. *Id.* at 723. The Maryland court grounded its decision in the concept that unless the divorce decree establishing child support specifically contemplated such, the common law obligation to pay for necessary expenses used in support of one's minor children was, at the time of that decision, primarily

a duty of the father and was owed to the person supplying the items on an implied contractual basis. Suffice it to say that times have changed. Both parents have a moral obligation to provide for the reasonable and necessary expenses of their children, and there is no presumption that parental obligations are primarily a father's. Further, when the harmony of the family structure is interrupted by divorce, our jurisprudence requires that each parent make a showing that expenses are reasonable and necessary before requiring the other parent to pay.

¶17. Miss. Code Ann. § 93-13-1 (1994) does not create a right of action in favor of third-party medical care providers for collection of unpaid medical bills. This Court should not issue a blanket statement which renders the statute a means of debt collection. Furthermore, general laws concerning the father's general support obligation do not form a sufficient legal basis for a third-party creditor to maintain an action at law against a father. Nothing in our jurisprudence obligates one spouse to be liable to a third party for the debts of the other without express consent. To hold otherwise would open the door for either spouse to control or deplete the other's separate estate. There is no open right of the third party to look to a non-custodial parent whose support obligation has been considered and determined by a court of competent jurisdiction and with whom the third party has no connection.

¶18. Herman Sakwa has met his parental obligations pursuant to the divorce decree by providing medical insurance for Stephanie which paid for her treatment to the extent provided by the policy. The only other provisions in the divorce decree for medical expenses are related to the equal division of dental expenses and hand surgery for Stephanie. Therefore, the determination of the extent of the parents' obligations should properly exist in a domestic relations court (such as the court that issued the divorce order) in an action between Diane and Herman Sakwa. An action to construe the terms of the divorce decree, and to modify them, if necessary, to meet Stephanie's current medical situation is the appropriate vehicle for the determination of the Sakwas' respective parental obligations for Stephanie's medical care.

## IV.

¶19. This Court should reject the arguments advanced by Sheppard & Enoch Pratt Hospital. We should not impose a blanket obligation upon a non-custodial parent to provide for a child's medical treatment, because to do so will invite abuse by the custodial parent. In the context of divorce and child custody, a third-party seeking payment of medical expenses from a non-custodial parent must demonstrate that the medical expenses were reasonable and necessary and must make its claim based on a contract, implied contract, or court order. There is nothing to imply that the judgment imposed upon Herman Sakwa in the divorce proceeding has been modified. He did exactly what he was required to do under that court order--provide for insurance for Stephanie. For this obligation to change, there would have to be a modification of the order. However, since there was no showing by Sheppard that the medical expenses for Stephanie Sakwa were reasonable or necessary, or that the expenses were based on a contract, implied contract, or a court order, I would affirm the orders of the trial court. Because the majority reaches the opposite conclusion, I respectfully dissent.

**SULLIVAN, P.J., AND ROBERTS, J., JOIN THIS OPINION.**

1. The doctors who treated Stephanie, Sheppard Pratt Physicians, P.A., sought to collect an additional $23,765.00 from Herman Sakwa in a separate action.

2. The issue not raised is whether the laws of Arizona, Maryland or Mississippi apply to an implied contract, or whether a divorce decree precludes any further responsibility by the non-custodial parent. This issue was not raised, since Sheppard has brought this appeal.

3. As to Herman Sakwa's specific medical payment obligation to his children, the Arizona divorce order only required that:

> Husband shall keep and maintain health, hospital, and dental insurance as long as such is provided by the husband's employment, until each minor child reaches the age of 18. Said insurance shall be continued by husband thereafter if it is available until the children reach age 21.