## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00160-SCT

*SHEPPARD PRATT PHYSICIANS, P.A.*

*v.*

*HERMAN C. SAKWA*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/18/93 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM E. CHAPMAN, III |
| | KATHLEEN H. EILER |
| ATTORNEY FOR APPELLEE: | DOLTON W. McALPIN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 4/23/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/17/98 |

**BEFORE SULLIVAN, P.J., PITTMAN, P.J., AND BANKS, J.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Here we are called upon to determine whether a third-party supplier of medical services may maintain an action against a non-custodial parent for medical expenses rendered on behalf of the parent's minor child. In doing so, we must also ascertain whether the law of Maryland or the law of Mississippi should be applied to the instant case. Applying Maryland law to the facts before us, we conclude that a non-custodial parent may be held liable for the unpaid medical services rendered to his minor child.

### I.

¶2. Sheppard and Enoch Pratt Physicians, P.A. (Sheppard) rendered medical treatment to Stephanie Sakwa, the minor daughter of the appellee Herman C. Sakwa, from February 19, 1988, through May 31, 1989. The amount of $23,765 remains due for these services. At the time these medical services were rendered, the Sakwas were divorced and remain so.

¶3. During the trial proceedings, Sheppard moved for summary judgment against the defendant for $23,765, together with attorneys fees, costs, and interest, for physician services rendered to the Sakwa's daughter. The court overruled Sheppard's motion and held that neither the law of Maryland

nor Mississippi created a right of action in favor of third-party medical care providers for the collection of unpaid medical bills. Sakwa later filed a Miss. R. Civ. P. 12(b)(6) motion to dismiss, or in the alternative, a motion for summary judgment, based on his assertion that the law does not permit a direct action against parents for the payment of unpaid medical costs and expenses in favor of the providers of medical care. Sakwa's motion for summary judgment was granted. Sheppard appeals.

## II.

¶4. Neither party has directly asserted that the trial court erred in failing to decide whether the law of Maryland or Mississippi should be applied in the instant case. Both parties assert that their positions are supported by the law of both states.

¶5. In analyzing choice of law questions, we have adopted the "center of gravity" test. *Ford v. State Farm Ins. Co.*, 625 So. 2d 792, 794 (Miss. 1993); *Boardman v. United Services Auto. Ass'n*, 470 So. 2d 1024, 1031 (Miss. 1985). Where the issue presented is whether the law of this state or that of some other forum is to be applied, this Court must determine which state "has the most substantial contacts with the parties and the subject matter of the action." *Boardman,* 470 So. 2d at 1031.

¶6. This Court has also applied Restatement (Second) of Conflict of Laws § 188 to the review of choice of law questions in cases involving contracts, both express and implied. *Id.* at 1032. *See also Crouch v. General Elec. Co.*, 699 F.Supp. 585 (S. D. Miss. 1988); *Richardson v. Clayton & Lambert Mfg. Co.*, 634 F.Supp. 1480 (N. D. Miss. 1986). Restatement § 188 states, in pertinent part:

> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account. . .to determine the law applicable to an issue include:
>
> (a) the place of contracting,
>
> (b) the place of negotiation of the contract,
>
> (c) the place of performance,
>
> (d) the location of the subject matter of the contract, and
>
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 188 (1971).

¶7. The instant case involves a quasi-contract action, in which Sheppard asserts that Sakwa is liable for the medical services rendered to his minor child under a contract implied in law, predicated upon his duty to provide support for his minor child under Md. Code Ann. Fam. Law Family Law § 5-203(b) (1991). Sheppard is a professional association organized and existing under the laws of the State of Maryland, with its principal place of business in that state. The child, Stephanie Sakwa,

received her medical services from Sheppard while living there, and continues to reside there. The only contact that this state maintains with the instant cause of action is the fact that Sakwa resides here. Thus, the State of Maryland has the most substantial contacts with the subject matter of this action. This Court must apply Maryland law.

¶8. Under § 5-203(b) of the Maryland Family Law Code "[t]he parents of a minor child. . .are jointly and severally responsible for the child's support, care, nurture, welfare, and education. . . ." The Maryland courts have held that the provision of medical care is included within the obligation of "support, care, nurture, welfare and education." *Powley v. Owens*, 431 A.2d 749, 751 (Md. Ct. Spec. App. 1981); *Craig v. State*, 155 A.2d 684, 688 (Md. 1959). It is also well-settled within that state that the duty of the parent to support his or her minor child continues regardless of a decree divorcing the parents. *Kriedo v. Kriedo*, 150 A. 720, 722 (Md. 1930). Thus, Sakwa had an obligation to pay for the medical expenses of his child in spite of the fact that he was not the custodial parent. *Id.*

¶9. Maryland has yet to adjudicate an action in which a third-party medical care provider has sought to hold a non-custodial parent liable for medical treatment rendered to his or her child. However, the Maryland Court of Appeals, in *Kriedo*, did state that such an action must be sought in a court of law and that the obligation is to the person furnishing the service. *Id.* at 722.

¶10. In *Kriedo*, the appellant had been divorced from her husband for two years when their minor child became seriously ill with appendicitis and succumbed to such illness, incurring expenses for hospital, medical, surgical, and funeral services in the aggregate amount of $712.10. *Id.* at 721. The appellant prayed for an order directing her husband to pay her the amount of the hospital and funeral bills paid by her, as well as the bills owed to the doctors which had not been paid. *Id.* In holding that the remedy sought must be obtained from a court of law rather than one of equity, the court stated:

> The implied obligation on the part of the father to pay for necessaries for the support of a minor child is to the person furnishing same; this implication arising by reason of the duty and obligation imposed upon the father by law to provide properly and reasonably for the support of minor children.

*Id.* at 721-22. The court further held that the "responsibility of the father for the doctors' bills which have not been paid is to the physicians rendering the service and not to the mother. . . ." *Id.* at 722.

¶11. The undisputed facts are that Sheppard rendered medical services to the Sakwa's daughter, and that $23,765 is still owed for these services. Following the court's holding in *Kriedo,* as well as § 5-203(b) of the Maryland Family Law Code, it is apparent that the trial court erred in granting the appellee's motion for summary judgment, and holding that Maryland law did not sustain a right of action in favor of third-party medical care providers for collection of unpaid medical bills.

¶12. Even if we were to apply the law of Mississippi here, the result would be the same. In *McLain v. West Side Bone & Joint Ctr.*, 656 So. 2d 119 (Miss. 1995), this Court held that Mississippi law imposes a legal duty upon parents to pay for their child's reasonable medical expenses. *Id.* at 122; *Lane v. Webb*, 220 So. 2d 281, 285 (Miss. 1969). This duty is continuing and does not terminate upon divorce or an award of custody. *McLain*, 656 So. 2d at 122; *Alexander v. Alexander*, 494 So. 2d 365, 368 (Miss. 1986). This Court further held that "the moral and legal obligation of both parents

to provide necessary medical care to his or her child necessarily infers that the liability of the parents to a third party is joint and several." ***McLain***, 656 So. 2d at 122. Thus, following this Court's jurisprudence, the trial court erred in the present case.

¶13. For the foregoing reasons, the trial court's dismissal of Sheppard's claim is reversed and this matter is remanded to that court.[(1)]

¶14. **REVERSED AND REMANDED**.

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶15. The majority's finding that Herman Sakwa has a quasi-contractual obligation to pay the $23,765.00 still owed to Sheppard Pratt Physicians, P.A. for services rendered to his minor daughter Stephanie ignores the fact that he was not a party to the contract his former wife entered with the medical group, that he had complied with the terms of the divorce decree in providing for the child's medical care, and that Sheppard Pratt Physicians did not establish that Stephanie's medical expenses were reasonable and necessary. Today's opinion places unlimited financial responsibility upon a non-custodial parent without affording that parent any right to share in the decision-making process and regardless of reasonableness of the available treatment options.

¶16. Diane Sakwa entered into an agreement dated February 19, 1988, promising to pay Sheppard and Enoch Pratt Hospital and/or Sheppard Pratt Physicians, P.A., Maryland corporations, for provision of inpatient treatment for Stephanie Sakwa. The agreement was signed in Maryland, where Diane Sakwa and the minor child both resided. Herman Sakwa, at that time, was a resident of Arizona. He was not a party to the agreement. There is no evidence in the record that Sakwa consented to the contract. To the contrary, in his affidavit, Sakwa stated that he did not agree, "either in writing or otherwise, either directly or indirectly," to treatment for Stephanie or to pay for charges for any treatment. He further stated:

> During the time that Stephanie was hospitalized, I visited with her therapist at Sheppard & Enoch Pratt. No one associated with Sheppard & Enoch Pratt Hospital, Inc., or Sheppard & Enoch Pratt Physicians, P.A., ever told me that I was responsible in any way for payment of any bills for Stephanie's care and treatment. Moreover, I directly told representatives of Sheppard & Enoch Pratt Hospital, Inc. that my medical insurance covering Stephanie would be running out and I inquired about the possibility of moving Stephanie from the hospital. Sheppard & Enoch Pratt Hospital, Inc. responded that I would be unable to check Stephanie out of Sheppard & Enoch Pratt Hospital; that it was Diane Sakwa's choice that Stephanie be hospitalized there and

treated there, and that I had "no say" in the matter.

In *Govan v. Medical Credit Serv. Inc.*, 621 So. 2d 928, 930 (Miss. 1993), we found that one spouse could not be responsible for debts contracted by his former spouse without the other's express consent. *See also McLain v. West Side Bone and Joint Ctr.*, 656 So. 2d 119, 121 (Miss. 1995) ("absent some type of agency relationship, a husband [is] not responsible to a third party for the medical debts of his wife where he had not contracted with the third party to pay that debt."). The circuit judge, therefore, was correct in granting Herman Sakwa's motion for summary judgment.

¶17. The circuit judge further properly found that Sheppard Pratt Physicians, P.A., was not entitled to summary judgment as a matter of law on an implied contract theory, based on the following undisputed facts:

> (1) A court of competent jurisdiction previously considered the child support obligations of the non-custodial parent, defendant Sakwa. (2) Defendant Sakwa at all times conformed to the child support obligations which were ordered by that court and has at all times adhered to that Court's order. (3) Defendant Sakwa had no substantial connection with either plaintiff.

Pursuant to the divorce decree, Herman Sakwa was required to provide medical insurance for his daughter and to share equally with his wife any dental expenses and the costs of hand surgery. The record indicates that Sakwa's insurance paid $10,775 of Sheppard's bill until the policy benefits were exhausted. He thus met his parental obligations under the terms of the decree. Moreover, not only did Sakwa have no substantial contacts with the physicians' group or the hospital, but also he was apparently precluded by the hospital from having any input into the course of Stephanie's treatment. Because his former wife Diane had had Stephanie admitted, any decision to move her to another facility was solely up to Diane, regardless of the reasonableness of the change in the treatment plan or costs thereof. Finally, Sheppard Pratt has produced nothing to show that the expenses exceeding the payments under Herman Sakwa's insurance policy were reasonable and necessary, as it was required to do pursuant to *McLain*, 656 So. 2d at 121.

¶18. To find that a non-custodial parent has a blanket obligation to provide for his child's medical treatment invites abuse by the custodial parent. As in the case sub judice, despite placing a financial responsibility on the non-custodial parent not contemplated by the terms of the divorce decree, it also may preclude that parent from taking an active role in making decisions about the child's treatment, regardless of the reasonableness of the costs for which he might be obligated. Accordingly, I respectfully dissent.

**ROBERTS, J., JOINS THIS OPINION.**

1. The dissent raises the issue of whether the medical services rendered were necessary and asserts that Sheppard failed to adduce proof of necessity. Contrary to the implication in the dissent, Sakwa indicated no proof contradicting the necessity of the treatment. It should suffice to say that summary judgment was rendered against Sheppard without regard to that factor. On remand the question of whether the expenses in question were necessary will be ripe for determination.