BANKS, Justice,
for the Court:
¶ 1. This appeal arises from an order of the circuit court granting the defendant’s motion for summary judgment. The plaintiff hospital, a Maryland corporation with its principal place of business in Maryland, seeks to collect from the defendant some $107,188.34 in unpaid bills for the treatment of his minor child, which it was unable to collect from the custodial parent. In accordance with our simultaneous opinion in the separate case of Sheppard Pratt Physicians, P.A. v. Sakwa, No. 93-CA-00160-SCT, 725 So.2d 755, we apply Maryland law and conclude that a non-custodial parent may be held liable for the unpaid medical services rendered to his or her minor child.
I.
¶ 2. Stephanie Suzanne Sakwa is the minor child of Herman C. Sakwa, a Mississippi resident, and Diane M. Sakwa, a Maryland resident. Her parents were divorced in 1981 and Diane Sakwa received custody of Stephanie. When Diane moved to Maryland, she took Stephanie with her.
¶ 3. Between February 19, 1988 and May 31, 1989, Stephanie was treated at the Sheppard & Enoch Pratt Hospital, Inc. (Hospital), in Towson, Maryland. A statement dated September 15, 1989, in Diane Sakwa’s name, indicated a balance owed of $107,188.34. The Hospital filed a complaint against Herman Sakwa in the Circuit Court of Oktibbeha County on May 16, 1991, asserting that he was liable for this unpaid balance remaining on Diane’s account pursuant to Maryland Family Law Code Annotated § 5-203 (1957), which places a responsibility on parents to provide for the support and care of their minor children.[1] Herman Sakwa raised a variety of defenses, including that he was not a party to the contract between Diane Sakwa and the Hospital and further, that having *761 obtained a judgment against Diane Sakwa for the amount owed in the Baltimore County Circuit Court on May 14, 1990, the Hospital was estopped from proceeding against him.
¶4. Herman Sakwa filed a Rule 12(b)(6) motion to dismiss, or in the alternative for summary judgment, on May 19, 1992. The circuit court denied Herman Sakwa’s motion to dismiss, but granted his motion for summary judgment on January 14, 1993. The Hospital now appeals, asking whether a third-party supplier of medical services may maintain an action, pursuant either to statutory authority or common law, against a noncustodial parent for medical expenses rendered on behalf of his or her minor child.
II.
¶ 5. This Court utilizes the “center of gravity” test to determine whether Mississippi or Maryland law applies to the present situation. See Ford v. State Farm Ins. Co., 625 So.2d 792, 794 (Miss.1993); Boardman v. United Services Auto. Ass’n, 470 So.2d 1024, 1031 (Miss.1985). We have also applied Restatement § 188 to review choice of law questions in cases involving contracts, both express and implied. Id. at 1032. See also Crouch v. General Elec. Co., 699 F.Supp. 585, 592 (S.D.Miss.1988); Richardson v. Clayton & Lambert Mfg. Co., 634 F.Supp. 1480, 1482-83 (N.D.Miss.1986). As we conclude in the separate but related case of Sheppard Pratt Physicians, P.A. v. Sakwa, No. 93-CA-00160-SCT, 725 So.2d 755, Maryland has the most substantial contacts with the subject matter of the present action and thus we apply the law of that state.
¶ 6. As this Court also determines in Sheppard Pratt Physicians, Maryland law dictates that a non-custodial parent may be held liable for the necessary medical expenses of a minor child. See Md.Code Ann., Fam. Law § 5-203(b) (1991); Kriedo v. Kriedo, 159 Md. 229, 150 A. 720 (1930). The undisputed facts are that the Hospital rendered medical services to Sakwa’s daughter, and that $107,-188.34 is still owed for these services. Thus, the trial court erred in granting the appel-lee’s motion for summary judgment, and holding that Maryland law did not sustain a right of action in favor of third-party medical care providers for collection of unpaid medical bills.
¶ 7. The remaining question to be tried in the instant case is whether the services rendered to Stephanie were necessary. Accordingly, this matter is reversed and remanded to the circuit court for trial of that issue.
¶ 8. REVERSED AND REMANDED.
PRATHER, C.J., PITTMAN, P.J, and SMITH and MILLS, JJ., concur.
McRAE, J., dissents with separate written opinion joined by SULLIVAN, P.J., and JAMES L. ROBERTS, Jr., J.
WALLER, J.Í not participating.

. The doctors who treated Stephanie, Sheppard Pratt Physicians, P.A., sought to collect an additional $23,765.00 from Herman Sakwa in a separate action.