HARP *v.* HARP

[No. 29, October Term, 1951.]

*Decided December 5, 1951.*

486

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Edwin J. Wolf*, with whom was *Arthur R. Padgett* on the brief, for the appellant.

*S. Raymond Dunn*, with whom was *Helen Sherry* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was instituted by Katherine Harp against her husband, Bowen L. Harp, in the Circuit Court of Baltimore City to obtain a divorce *a vinculo matrimonii* and alimony on the ground of abandonment.

Complainant testified that she and her husband had lived together in Baltimore more than fourteen years following their marriage in Ellicott City in June, 1932. She claimed that her husband became an excessive drinker, and that in the Summer of 1946, when they were residing in an apartment on White Avenue, he spent every week-end away from home. She charged that he finally abandoned her without good cause in November, 1946. She testified as follows concerning his avowed intention: "He said in the first part of November he did not intend to live there any longer, and took part of his clothes, and requested I send the rest of them to him, and if I did not send his clothes there would be trouble."

Defendant, a ship carpenter, age 63, denied that he had been an excessive drinker. He asserted that while he was employed at the Bethlehem-Fairfield Shipyard

for a period of four years and a half, he lost only three days from work. In the Spring of 1946 he became ill with pneumonia and was a patient for nearly a month in the Mercy Hospital. Weakened by his illness and being in need of some light employment, he was allowed to have a fruit stand without rent in front of the property of an old friend on Harford Road. He testified that while he was at his fruit stand late one afternoon, his wife sent his clothes to him, although he had not asked her to send them.

Complainant complied with the statutory requirement of corroboration. As we have often said, the principal object of this requirement is to prevent collusion, and accordingly when the possibility of collusion is precluded, the corroboration need be only slight. Code 1939, art. 35, sec. 4; *Gold v. Gold,* 191 Md. 533, 540, 541, 62 A. 2d 540. In this case complainant was corroborated by her daughter by a former marriage, Mrs. Ann K. Schmidt, age 27, who testified about her step-father's departure as follows: "He said he was leaving, he did not intend to live there any longer. * * * Took his clothes and left, and asked my mother to send the others to him or there would be trouble." Mrs. Schmidt also swore that her mother did not give her step-father any cause for deserting her.

At the close of the case the chancellor remarked that the question really came down to "the testimony of Mrs. Harp as against Mr. Harp." In other words, the decision of the case depended upon the chancellor's estimation of the relative credibility of the parties. The chancellor then stated that he had reached the conclusion that complainant's testimony, while not very strong, was sufficient to warrant a divorce. He accordingly entered a decree granting complainant an absolute divorce, awarding her permanent alimony at the rate of $15 per week, and ordering defendant to pay her attorney a counsel fee of $50. Defendant appealed from that decree.

It was incumbent upon complainant to prove: (1) that defendant had abandoned her, (2) that such abandonment contained uninterruptedly for at least eighteen months and was deliberate and final, and (3) that the separation of the parties was beyond any reasonable expectation of reconciliation. Code Supp. 1947, art. 16, sec. 40, as amended by Laws 1949, ch. 520; *Bennett v. Bennett,* 197 Md. 408, 411-412, 79 A. 2d 513, 515.

There is no doubt that, if defendant actually did abandon complainant, the abandonment continued uninterruptedly for more than eighteen months and was deliberate and final. There is also no question that the separation of the parties is beyond any reasonable expectation of reconciliation. The basic contention on this appeal is that the evidence in the case is not sufficient to support the finding that defendant was guilty of abandonment.

Defendant asserts that within three hours after a taxicab driver delivered his clothes to him at the fruit stand, he went to the apartment to see his wife and rang the door bell, but could not get in, as the lock had been changed. Complainant, on the contrary, claims that the lock was not changed until about a week after defendant left her. She says that her key would not open the lock and that it was necessary to get a new lock and key. We are inclined to agree with the comment of the chancellor that if Mr. Harp was as surprised as he said he was when his clothes were delivered to him, he could have located Mrs. Harp and asked her "What is this all about?"

However that may be, we rely upon the rule that where the decision depends upon the credibility of the witnesses, the Court of Appeals will give weight to the fact that the chancellor had the opportunity to see and hear the witnesses and to observe their expression and demeanor on the stand. In weighing the testimony and passing upon its credibility, the chancellor's judgment is informed by the manner of the witnesses while testifying. The Court of Appeals, not having this advantage, will not set aside the findings of fact of the chancellor, unless they are clearly not supported by the evidence.

*Jacobs v. Jacobs,* 170 Md. 405, 413, 414, 185 A. 109; *Lickle v. Lickle,* 188 Md. 403, 52 A. 2d 910; *Sause v. Sause,* 194 Md. 76, 69 A. 2d 811; *Blades v. Blades,* 194 Md. 505, 71 A. 2d 293; *Meininger v. Meininger,* 198 Md. 432, 84 A. 2d 61.

In this case the rule applies with full force, as the testimony was taken before the chancellor and it was in sharp conflict. If complainant was telling the truth, and the chancellor believed that she was, she was undoubtedly entitled to a divorce. Moreover, there can be no objection to the award of permanent alimony at the rate of $15 per week, inasmuch as defendant admitted on the stand that he had obtained employment and his wages amounted to about $94 a week.

We cannot hold that the decision of the chancellor was clearly unwarranted by the evidence. The decree granting complainant an absolute divorce and ordering defendant to pay permanent alimony and counsel fee will, therefore, be affirmed.

*Decree affirmed, with costs.*