THOMAS D. RIPP, II      *      NO. 2025-CA-0170

VERSUS      *

     COURT OF APPEAL

WALGREEN LOUISIANA      *
COMPANY, INC., ABC      FOURTH CIRCUIT
INSURANCE COMPANY AND      *
JOHN DOE      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-05698, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins, Judge Monique G. Morial)

**DYSART, J., DISSENTS**
**MORIAL, J., DISSENTS AND ASSIGNS REASONS**

Paul L. Carriere
Austin J. Hight
FAVRET CARRIERE, LLC
650 Poydras Street, Suite 2300
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT


Ryan J. Roemershauser
Thomas G. Buck
BLUE WILLIAMS, LLP
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002


     COUNSEL FOR DEFENDANT/APPELLEE

           **REVERSED AND REMANDED**
           **DECEMBER 4, 2025**

In this personal injury case, the plaintiff seeks review of the district court's judgment sustaining the defendant's peremptory exception of no cause of action. For the following reasons, we reverse and remand for further proceedings.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

According to the petition, on April 9, 2023, Plaintiff/Appellant Thomas Ripp, II ("Plaintiff"), a New Orleans police officer, was dispatched to Defendant/Appellee Walgreen Louisiana Company, Inc.'s ("Walgreens") store located at 1801 St. Charles Avenue in response to a theft in progress. Upon his arrival, Plaintiff encountered an individual outside the store, who was in possession of stolen merchandise. After a Walgreens employee confirmed the individual committed a theft, Plaintiff attempted to detain the suspect. During that effort, the suspect violently resisted arrest and struck Plaintiff, causing him serious bodily injury.

Plaintiff alleged that Walgreens' negligence contributed to his injuries. The petition states that Walgreens' store was located in an area with a history of

1

repeated criminal incidents, including prior thefts, disturbances, and violent altercations on or near the premises. Walgreens allegedly had actual or constructive knowledge of this recurring criminal activity yet failed to take adequate measures to protect the safety of persons lawfully on the property, including law enforcement officers responding at Walgreens' request. Plaintiff further alleged that Walgreens had previously employed private security to deter theft and maintain order but later discontinued those services despite being aware of the ongoing criminal activity. Instead, Walgreens allegedly chose to rely exclusively on police response to handle foreseeable disturbances, thereby increasing the likelihood that officers responding to routine calls would face violent confrontations.

On June 21, 2023, Plaintiff filed suit for damages resulting from his injuries against Walgreens and the shoplifter. Plaintiff's petition alleged that Walgreens' decisions to discontinue security, ignore known criminal patterns, and depend solely on law enforcement amounted to negligence under Louisiana law. Following Walgreens' peremptory exception of no cause of action, Plaintiff filed a supplemental and amending petition asserting Walgreens' conduct constituted gross negligence, maintaining that its disregard for known dangers went beyond mere carelessness.

Walgreens filed a second exception of no cause of action, arguing that Plaintiff failed to allege facts giving rise to a duty owed by Walgreens under the circumstances. After a hearing, the district court sustained Walgreens' exception of

2

no cause of action on December 4, 2024, reasoning that the allegations did not state a cause of action for gross negligence. This appeal followed.

## STANDARD OF REVIEW

A ruling on an exception of no cause of action is reviewed *de novo*. *Hanhart v. La. CVS Pharmacy, LLC.*, 24-0479, p. 4 (La. App. 4 Cir. 9/20/24), 399 So.3d 785, 789. "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams & Reese, LLP*, 2006-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646.

When deciding an exception of no cause of action, a court determines whether, accepting all well pleaded facts in the petition and any annexed documents as true, the law affords the plaintiff a remedy. *Ross v. State through Univ. of La. Sys.*, 22-0382, p. 8 (La. App. 4 Cir. 11/18/22), 352 So.3d 90, 94-95 (quoting *Green v. Garcia-Victor*, 17-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453); *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993).

## DISCUSSION

La. C.C. art. 2315 provides that, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art. 2323 further requires that fault be comparatively allocated among all persons causing or contributing to the injury, regardless of the basis of liability.

A negligence claim requires the plaintiff to prove that: (1) the defendant had a duty; (2) the defendant's conduct breached that duty; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a

3

legal cause of the plaintiff's injuries; and (5) the plaintiff was damaged. *Simmons v. State, Dep't of Child. & Fam. Servs.*, 15-0034, p. 5 (La. App. 4 Cir. 6/24/15), 171 So.3d 1147, 1151 (citing *Hanks v. Entergy Corp.*, 06-477, pp. 20-21 (La. 12/18/06), 944 So.2d 564, 579).

Gross negligence "has a well-defined legal meaning, which is distinctly different from the definition of ordinary negligence." *Pierre v. Zulu Social Aid & Pleasure Club, Inc.*, 04-0752, p. 5 (La. App. 4 Cir. 9/29/04), 885 So.2d 1261, 1264. Gross negligence requires more than ordinary carelessness. It is the "want of even slight care and diligence and the want of that diligence which even careless men are accustomed to exercise." *Id.* (internal quotations omitted); *See also Powell v. State Bd. of Certified Pub. Accts. of La.*, 21-0385, p. 18 (La. App. 4 Cir. 12/22/21), 366 So.3d 396, 407.

A merchant owes a duty of reasonable care to maintain its premises in a condition that is safe for those lawfully on it. *Posecai v. Wal-Mart Stores, Inc.*, 99-1222, p. 5 (La. 11/30/99), 725 So.2d 762, 766 (adopting the rule that "although business owners are not the insurers of their patron's safety, they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable" but emphasizing "there is generally no duty to protect others from the criminal acts of third persons"). That duty extends to all persons whose safety is foreseeably affected by the merchant's operation, including law enforcement summoned at the merchant's request.

Following *Doe v. McKesson*, 21-00929 (La. 3/5/22), 339 So.3d 542, Louisiana no longer applies the professional rescuer's doctrine as a categorical bar to recovery. Officers, like other plaintiffs, are entitled to have their claims evaluated under the duty/risk framework.

4

The petition alleges that Walgreens knew of recurring criminal disturbances at this store, previously maintained private security, discontinued that protection, and relied on police response to handle criminal activity. Taken as true, these facts allege administrative choices made in the face of a known pattern of criminal incidents that plausibly increased the risk of violent confrontation for responding officers. Such allegations are sufficient to invoke the duty recognized in *McKesson* that a defendant may be liable when its conduct "negligently cause[s] a third party to commit a crime that is a foreseeable consequence of negligence." *Id.* at p. 8, 339 So.3d at 532.

At the pleading stage, it is not the court's role to determine whether those facts will ultimately be proven, but whether, if proven, they would support a remedy under Louisiana law. We find that they would.

Louisiana has long treated duty as the principal limitation in third-party crime cases, asking whether the harm is within the scope of risks created by the defendant's conduct and whether there is an "ease of association" between conduct and injury. *Hill v. Lundin & Assocs., Inc.*, 260 La. 542, 256 So.2d 620, 622 (1972); *Roberts v. Benoit*, 605 So.2d 1032, 1044-45 (La. 1991). On the face of this petition, a factfinder could conclude Walgreens' removal of existing security and precautions in the face of a recurring pattern, and its reliance on public responders, foreseeably increased the likelihood of thefts and that a routine theft response would escalate into violence. *See Caronia v. McKenzie's Pastry Shoppes, Inc.*, 97-0681 (La. App. 4 Cir. 10/1/97), 700 So.2d 1315 (reversing judgment finding no cause of action where foreseeability of third-party crime presented fact-sensitive issues).

The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff. *Posecai v. Wal-Mart Stores, Inc.*, 99-1222, p. 4 (La. 11/30/99), 725 So.2d 762, 766. "Whether a duty is owed is a question of law." *Id.* (citations omitted). In this case, the question is whether Walgreens owes a duty to a responding officer to take reasonable precautions in light of foreseeable criminal conduct. Under *Posecai*, this inquiry turns on policy and foreseeability. *Id.* at pp. 4-5, 725 So.2d at 766.

To recognize a duty to patrons to act reasonably in light of foreseeable criminal conduct yet deny any duty to responding officers draws an unjustified distinction between two equally foreseeable groups exposed to the same risk on the merchant's premises. Louisiana has moved away from categorical bars that rest on status rather than conduct. *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123 (La. 1988) established comparative fault as a mechanism for apportioning responsibility. *Landry v. Bellanger*, 02-1443 (La. 5/20/03), 851 So.2d 943, abolished the assumption of risk as a total defense, and *McKesson*, reaffirmed all actors owe a general duty of reasonable care under the circumstances. Together, these principles require that a merchant's duty of care extend to all foreseeable persons who might be harmed by its operations, including those lawfully on the premises in the course of their employment or public service. *See* La. C.C. art. 2323(B) (requiring allocation among all persons "regardless of the basis of liability.").

Whether Walgreens's discontinuation of security and reliance on police response foreseeably increased the risk of violence is a factual question best resolved through evidence. *See Caronia v. McKenzie's Pastry Shoppes, Inc.*, 97-

0681 (La. App. 4 Cir. 10/1/97), 700 So.2d 1315 (reversing dismissal where foreseeability of third-party crime was fact-sensitive).

Policy considerations are important to determining whether to impose a duty under the unique facts and circumstances of a case. *Posecai*, 99-1222, p. 4, 725 So.2d at 766. The factors identified in *Posecai*, including fairness, deterrence, economic impact, and predictability, guide that analysis. At this preliminary stage, however, those considerations are best informed by a developed factual record rather than resolved as a matter of law on the pleadings alone.

Recognizing a cause of action in this case does not impose a *per se* obligation on merchants to hire private security. Reasonableness may be shown by lighting, layout, staffing, training, and coordination with law enforcement. Louisiana negligence law does not impose liability for every criminal act that occurs on a merchant's premises, but it does impose liability when a merchant's indifference to foreseeable risks reflects a failure to exercise reasonable care.

Comparative fault under La. C.C. art. 2323 ensures that liability, if any, will be proportionately allocated among Walgreens, the shoplifter, and any other actors. The presence of an intentional act in the causal chain does not automatically extinguish negligence liability; it invites allocation. *Irwin v. Brent*, 24-01043 (La. 6/27/25), 413 So.3d 342 (applying comparative fault where intentional conduct was involved and 100 percent fault was allocated to the intentional actor).

At this juncture, Plaintiff need only allege facts that, if proven, could support the existence of a duty and breach within Louisiana's duty/risk framework. Evidence bearing on foreseeability, prior incidents, and Walgreens' security decisions lies largely within the defendant's control. Denying discovery at this stage would effectively insulate those facts from examination.

7

Because the petition, viewed in the light most favorable to Plaintiff, demonstrates a plausible legal duty and a factual nexus between Plaintiff's injury and Walgreens' conduct, we find the district court erred in sustaining the exception of no cause of action.

## *CONCLUSION*

Louisiana's tort law rests on fault, proportional fairness, and fact. The petition alleges that Walgreens, aware of recurrent criminal disturbances, withdrew existing security measures and relied on law enforcement to manage criminal activity, resulting in injury to a responding officer. Under La. C.C. arts. 2315 and 2323 and the principles expressed in *Posecai, Hill, Roberts, Landry, Murray,* and *McKesson*, these allegations, if proven, fall within Louisiana's modern duty/risk analysis.

Accordingly, we hold that the petition states a cause of action for negligence and gross negligence. For the foregoing reasons, the judgment of the district court sustaining Walgreens' peremptory exception of no cause of action is reversed, and the matter is remanded for discovery and further proceedings consistent with this opinion.

**REVERSED AND REMANDED**